(115 App. Div. 104)

### WARD v. BROOKLYN HEIGHTS R. CO.

(Supreme Court, Appellate Division, Second Department. October 17, 1906.)

STREET RAILROADS—CONTRIBUTORY NEGLIGENCE OF PERSON IN VEHICLE.

    In an action for the death of plaintiff's intestate in a collision between defendant's street car and an automobile in which intestate was riding with his employer, it appeared that the car was a north-bound one, and that as the automobile, moving westerly along a street, approached the railroad tracks, there was to the left of the automobile a sign 16 feet long and 9 feet high, lengthwise with the street, the end of the sign nearest the railroad track being about 30 feet therefrom, and that in the space between the sign and the track the view to the south was unobstructed, and that before reaching the sign the view in that direction for 450 feet was unobstructed after the vision ceased to be in any way obstructed by a house on another street, which was 113 feet away from

the street that the automobile was on. There was no evidence that intestate looked or took any precaution, and the employer testified that after passing the house line he looked to the south and saw no car coming, but that he did not look again until the automobile was on the track. *Held*, that a judgment for plaintiff could not be sustained.

[Ed. Note.—For cases in point, see vol. 44, Cent. Dig. Street Railroads, § 215.]

Hooker and Miller, JJ., dissenting.

Appeal from Trial Term, Kings County.

Action by Kate Ward, as administratrix of the estate of Morris Ward, against the Brooklyn Heights Railroad Company. From a judgment in favor of plaintiff, and from an order denying a new trial, defendant appeals. Reversed.

The plaintiff's intestate was killed by a collision between an electric train of defendant's cars and an automobile which was crossing the car tracks and in which the deceased was riding with his employer. The latter was going about in the automobile on business, and took the deceased along with him as a helper and protector against accidents as he testified. The employer was operating the automobile and they sat on the same seat side by side. The accident happened in a suburb of the borough of Brooklyn which is sparsely built up. The automobile was going from east to west in approaching and crossing the railroad. The train which came in collision was coming from Coney Island, i. e., going north. To the left of the automobile as it came along there was a real estate sign, 16 feet long and 9 feet high, placed lengthwise with the street the automobile was on, and about 29 feet in from it in the lots. The end of the sign nearest the railroad track was 30 feet from the track, and anywhere in that space the view down the track was unobstructed. Before getting to the sign the view down the track for at least 450 feet, i. e., toward Coney Island, was unobstructed after the vision ceased to be in any way obstructed by a house on another street, and which was 113 feet away from the street the automobile was on. The employer testified that after passing the line of this house he looked down the track and saw no car coming; that he did not look again in that direction until his automobile was on the first track, i e., the one on which the collision occurred, and that then the train was only 10 to 20 feet away. He gave no evidence that the deceased looked or did anything at all at any point, and there was no other evidence on that head.

Argued before WOODWARD, JENKS, HOOKER, MILLER, and GAYNOR, JJ.

I. R. Oeland, for appellant.

GAYNOR, J. I do not see how the judgment can be sustained. There was really no obstruction to the view down the track as the automobile came along to it proved except the real estate sign; but it was only 16 feet long, and was 30 feet from the track. Before reaching it there was ample view down the track, and also after passing it. Any one looking from the automobile with the care required by law on approaching a railroad crossing could not help seeing the train in time to avoid getting dangerously in front of it without knowing it. The evidence of obstruction of the view of the deceased is very obscure, and may be cleared up on a new trial.

Moreover, there is no evidence of any care whatever by the deceased. The judgment and order should be reversed.

Judgment and order reversed, and new trial granted; costs to abide the event. All concur, except HOOKER and MILLER, JJ., who dissent.